IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1178-D

| | |
|---|---|
| MARIAN ELIZABETH DUBAR d/b/a ) <br> MARIAN ELIZABETH DUBAR ESTATE ) <br> LIVING 28 TRUST, ) <br>                           Plaintiff, ) <br>         v.                          ) <br>                                ) <br> CHRISTOPHER M. BROWN d/b/a ) <br> CMB LELAND STATION LLC, et al., ) <br>                                ) <br>                     Defendant. ) | **ORDER** |

On July 21, 2023, Marian Elizabeth Dubar d/b/a Marian Elizabeth Dubar Estate Living 28 Trust ("Dubar" or "plaintiff"), proceeding pro se, filed a complaint against Christopher M. Brown d/b/a CMB Leland Station LLC ("Brown" or "defendant"), Scott Beatty d/b/a Absolute Self Management LLC, and James M. Brodgon d/b/a Simmons Bank [D.E. 1] and a motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On July 24, 2023, Dubar filed an amended motion to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 5]. On August 17, 2023, Brown filed a motion to dismiss the complaint [D.E. 7]. See Fed. R. Civ. P. 12(b)(1), (5), (6). On August 30, 2023, pursuant to 28 U.S.C. § 636(b)(1), the court referred the case to Magistrate Judge Brian S. Meyers for a Memorandum and Recommendation ("M&R") and for a frivolity review [D.E. 10]. On February 7, 2024, Judge Meyers granted the motion to proceed in forma pauperis and issued an M&R recommending that the court grant defendant's motion to dismiss and dismiss the complaint for lack of subject-matter jurisdiction [D.E. 12].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

On February 22, 2024, Dubar filed "An Action In Rem State of Emergency." See [D.E. 13]. The document is incomprehensible.

The court reviews for clear error. See Diamond, 416 F.3d at 315. The court has reviewed the M&R, the record, and plaintiff's response. There is no clear error on the face of the record. See id. As for plaintiff's response, the response does not create subject-matter jurisdiction in this court.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 12], GRANTS defendant's motion to dismiss [D.E. 7], and DISMISSES plaintiff's complaint for lack of jurisdiction. The clerk shall close the case.

SO ORDERED. This 1 day of March, 2024.

*signature*

JAMES C. DEVER III
United States District Judge